UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO ELIEZER SANCHEZ RAMIREZ, | No.  1:26-cv-01270-DAD-EFB (HC) |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the undersigned recommends that the petition be granted.

**BACKGROUND**

Petitioner initiated this action on February 12, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a citizen of Guatemala, is currently detained pending immigration removal proceedings, and has been detained since December 22, 2025.  *Id*. at 6 ¶¶ 14, 16, 17.  He alleges he entered the United States in 2005 without inspection and without encountering authorities, he is the father of two children ages 15 and 10 who are United States citizens, and he has no criminal history.  *Id*. at ¶¶ 14, 15, 21.

On March 10, 2026, the court ordered respondents to answer.  ECF No. 5.

Respondents timely filed a return on March 17, 2026.  ECF No. 6.  They do not dispute petitioner's factual allegations.  They argue that petitioner's status is that of an applicant for admission subject to mandatory detention and as such he is ineligible for a bond hearing under 8

1

U.S.C. § 1225(b)(2)(A). *Id*. at 2. They also argue that petitioner has no liberty interest in being free from immigration detention and his detention is mandated by statute. *Id*. In the alternative, they argue that the court should hold this matter in abeyance pending the Ninth Circuit Court's decision in the appeal of *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), *appeal docketed*, No. 25-6842 (9th Cir. Oct. 29, 2025).[1] *Id*.

Petitioner replied on March 25, 2026.[2] ECF No. 7. He states his sole purpose for filing a reply is to make clear that "he does not concede that his arrest and detention was or is lawful, as asserted by Respondents." *Id*.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

Petitioner asserts two claims for relief. First, petitioner alleges that his detention violated the Immigration and Nationality Act (INA) (claim one). Second, petitioner alleges that his detention without a bond hearing to determine whether he is a flight risk or danger to others violates his right to due process under the Fifth Amendment (claim two).

**A. Request for Abeyance**

Respondents argue in a conclusory manner that the court should hold this matter in abeyance pending the resolution of the appeal to the Ninth Circuit Court in *Rodriguez*. ECF No. 6 at 2. That request is denied.

---

[1] Respondents note that the Ninth Circuit Court heard oral argument in the *Rodriguez* appeal on March 4, 2026. ECF No. 6 at 2 n.1.

[2] The signature on petitioner's reply is dated March 24, 2026 and the reply itself was docketed on March 25, 2026. ECF No. 7 at 1. The court had ordered petitioner to file any reply within four days after being served with the answer, which was filed on March 17, 2026. The court will allow the reply because the delay in filing is minimal and respondents are not prejudiced in that the reply merely and directly addresses a single assertion made in the response.

2

A district court possesses inherent discretion to stay civil proceedings before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court may, "[i]n the exercise of a sound discretion ... hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *see also Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (explaining district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"). In determining whether to stay a case and hold it in abeyance, the district could must weigh " 'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.' " *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). " '[I]f there is even a fair possibility that the stay ... will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.' " *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The respondent "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' " within the meaning of this standard. *Lockyer*, 398 F.3d at 1112; *see also Dependable Highway Express*, 498 F.3d at 1066. In all cases, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, respondents have not shown that a stay is appropriate in this proceeding, and they specifically have not shown that the issues to be decided by the Ninth Circuit Court in *Rodriguez* are likely to be dispositive of all the issues in this case.  In *Rodriguez*, the petitioner alleged three causes of action: that the BIA's denial of a bond hearing violated 8 U.S.C. § 1226; that the denial of the bond hearing violated the Administrative Procedures Act (APA); and that the "BIA's chronically delayed adjudication of bond appeals violates the Due Process Clause of the Fifth Amendment and the APA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wash.

2025). The district court granted the petitioner's motion for preliminary injunction on the first of these grounds, finding petitioner had raised serious questions as to whether his bond hearing denial was unlawful under section 1226 of the INA. *Id*. at 1245, 1255-61, 1263.

In contrast, here, petitioner has alleged **both** that his ongoing detention 1) violates his right to due process under the Fifth Amendment, and also that it 2) violates the INA.  ECF No. 1 at 10-11.  For the reasons set forth below, the undersigned finds that petitioner has shown a likelihood of success on the merits of his Fifth Amendment claim because he has sufficiently shown that he was due certain process under the Fifth Amendment, which he has not been given.  The question whether section 1226 properly applies to petitioner is "only relevant to petitioner's constitutional claims insofar as (1) that statutory section [i]s itself not constitutionally infirm, and (2) the section, if constitutional, ha[s] been properly applied to petitioner." *J.C.E.P. v. Wofford*, No. 1:25-cv-1559-EFB, 2026 WL 181570, at *3 (E.D. Cal. Jan. 23, 2026).  Here, as in *J.C.E.P.*, the undersigned concludes "that the section had not been properly applied to petitioner and, irrespective of the statutory authority the BIA had invoked, petitioner had been deprived of the process guaranteed to him under the Constitution." *See id.*

In light of this, respondents have not shown that the issues on appeal in *Rodriguez* are dispositive to the due process issues pending in this case, such that the court should stay proceedings about petitioner's due process claim pending resolution of the *Rodriguez* appeal. The court in *Rodriguez* only considered the statutory question of the scope of application of section 1226; it did not consider—and therefore, on appeal the Court of Appeals will not consider—the additional question of whether the process codified in section 1226 accords with the requirements of the Fifth Amendment.  *See Rodriguez*, 779 F. Supp. 3d 1239.  Hence, even if the Court of Appeals in *Rodriguez* eventually concludes that section 1226, by its text, applies to persons situated similarly to the petitioner, that would leave unresolved the specific issues raised by petitioner's Fifth Amendment claim as to whether the process to which petitioner was subject violated his procedural due process rights. This distinction renders it unlikely that any particular judicial economy or efficiency would be served by holding the instant case in abeyance pending the Court of Appeals' decision in *Rodriguez*. *See Am. Life Ins. Co.*, 300 U.S. at 215; *Lockyer*, 398

4

F.3d at 1110.

Petitioner's due process claim is not within the scope of the issues before the Ninth Circuit court in the *Rodriguez* class action, even though it appears that his claim for violation of the INA may be encompassed within that appeal.  For the reasons set forth below, the court finds that the relief requested in the petition may be granted based on the due process claim, without need to reach the INA claim.  *See Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 528 n.2 (N.D. Cal. 2000) (granting summary judgment without need to reach alternate argument).

Moreover, respondents have not shown that the balance of equities favors issuing a stay and holding the instant proceedings in abeyance pending resolution of the appeal in *Rodriguez*. *See Clinton*, 520 U.S. at 706.  Respondents have made no showing that they will experience any form of "hardship or inequity" without a stay of the proceedings. *See Dependable Highway Express*, 498 F.3d at 1066; *Lockyer*, 398 F.3d at 1112; *Landis*, 299 U.S. at 255; *see generally* ECF No. 6. Petitioner, in contrast, has shown that his detention without due process creates a risk of substantial, irreparable harm. *See* ECF No. 1. On this record, therefore, respondents have not shown that the court should exercise its discretion to hold the instant proceedings in abeyance.  The request is denied.

### B.  Merits of the Petition

### 1.  Violation of Petitioner's Right to Due Process

The court construes liberally the allegations of petitioner's pro se complaint. *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987).  On January 16, 2026, an immigration judge denied bond for petitioner based on *Matter of Yajure-Hurtado*.[3]  ECF No. 1 at 6 ¶ 20; ECF No. 1-4. Courts have generally construed peremptory denials of bond based on *Yajure-Hurtado* as effectively denying a bond hearing, as distinguished from denying bond based on the merits presented at a hearing.  *See, e.g.*, *Ernesto R.A. v. Cruz*, No. 1:26-cv-0138-TLN-EFB, 2026 WL 218957 (E.D. Cal. Jan. 28, 2026) (ordering respondents to conduct a bond hearing before a

---

[3]  *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 2025 WL 2674169 (BIA 2025) was in turn based on a DHS policy issued on July 8, 2025 (the "July 8, 2025 DHS Policy").

neutral decisionmaker, notwithstanding *Yajure-Hurtado*).  And respondents appear to concede that petitioner "has not been afforded a bond hearing."  ECF No. 6 at 1.  Respondents argue that this denial does not violate petitioner's procedural due process rights because petitioner has not been admitted to the United States, is merely an applicant for admission, and as such is subject to mandatory detention and is ineligible for a bond hearing.  *Id*. at 2.

This argument has been analyzed and rejected by courts in this district.  *See Otilio B.F. v. Andrews*, 809 F. Supp. 3d 1038, 1049-1050 (E.D. Cal. 2025) (citations omitted).  Here, as in *Otilio B.F.*, "petitioner is not actively 'seeking' 'lawful entry' because he already *entered* the United States – over twenty years ago.  If anything, petitioner is seeking to *remain* in the United States."  *Id*. at 1050 (emphasis in original).  Moreover, "courts nationwide, including this one, have overwhelmingly rejected" the July 8, 2025 DHS Policy upon which *Yajure-Hurtado* relies.  *Ernesto R.A.*, 2026 WL 218957, at *1.  Respondents note that there are appeals pending in the Ninth Circuit Court regarding the effect and scope of the July 8, 2025 DHS Policy.  ECF No. 6 at 2 n.1.  Regardless of the outcome of those appeals, respondents fail to support their argument that 8 U.S.C. § 1225(b)(2)(A) applies to petitioner so as to limit his liberty interest implicated by his ongoing detention.  *Id*. at 2.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas*, 533 U.S. at 693-94; *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach. *See* ECF Nos. 1, 8, 12 at 7-9. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Since petitioner's entry to the United States in 2005, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including familial connections to his two children ages 15 and 10 who are United States citizens. *See* ECF No. 1 at 6; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*"). The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest, thereby circumscribing the process he or she is due under the Fifth Amendment relative to his or her removal from the United States. *See Demore v. Kim*, 538 U.S. 510, 527 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018). Here, however, respondents fail to demonstrate that petitioner has received adequate procedural protections regarding the January 13, 2026 denial of a bond hearing pursuant to *Yajure-Hurtado*.

Petitioner has demonstrated that the second *Mathews* factor militates in his favor. *See* ECF No. 1 at 6. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Morales-Flores*, No. 1:25-CV-01640-TLN-

7

EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor.  *See* ECF No. 12 at 9-10.  Respondent's interest in petitioner's detention is low.  *See Ortega*, 415 F. Supp. 3d at 970.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  Here, petitioner alleges that he has not acquired any criminal infractions in the United States and is not otherwise a danger to the community, which respondent does not dispute.  ECF No. 1 at 7-8; ECF No. 8 at 1; ECF No. 10.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

For these reasons, the undersigned finds respondent's interest in detaining petitioner without an individualized bond determination at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment.  Accordingly, the undersigned recommends the petition for writ of habeas corpus be granted.

////

////

////

**2. Application for Relief from Removal through Form EOIR-42B**

Petitioner argues that he is eligible for relief from removal "in the form of an EOIR-42B Application for Cancellation of Removal for Certain Non-Permanent Residents." ECF No. 1 at 6 ¶ 18. As its name implies, the form may be used to ask the Attorney General to cancel removal proceedings and adjust the applicant's status to that of an alien lawfully admitted for permanent residence. *See* 8 U.S.C. § 1229b(b)(1); *Pereida v. Wilkenson*, 592 U.S. 224, 227, 237 n.5 (2021); *Elmes-Mariano v. Garland*, No. 21-8, 2023, WL 3033497, at *1 (9th Cir. Apr. 21, 2023). To be eligible for such cancellation and adjustment, the applicant must submit the Form EOIR-42B and then prove to an immigration judge that "(1) he has been present in the United States for at least 10 years; (2) he has been a person of good moral character; (3) he has not been convicted of certain criminal offenses; and (4) his removal would impose an 'exceptional an unusual' hardship on a close relative who is either a citizen or permanent resident of this country." *Pereida*. 592 U.S. at 227-228 (citing 8 U.S.C. §§ 1229b(b)(1), 1229a(c)(4)).

Petitioner has not received any consideration of his EOIR-42B application.[4] He was moved to a different facility before the hearing that had been scheduled for January 26, 2026, and apparently the hearing was not rescheduled and has not occurred. ECF No. 1 at 3, 6 ¶ 19; ECF No. 1-3. But the parties do not substantively address whether petitioner may challenge his continued detention based on his EOIR-42B application for cancellation. In *Mendez v. Noem*, No. 2:25-cv-2062-RFB-MDC, 2025 WL 3124285, at *5 n.7 (D. Nev. Nov. 7, 2025), the court noted that a challenge to continued detention after being granted cancellation "appears to be [an issue] of first impression" which the court found it need not reach. Petitioner here is at a much earlier stage in the application process. As in *Mendez*, the court need not decide whether petitioner may be detained pending determination of the merits of his application because he has a sufficient and independent basis for habeas relief. *See also D.C. v. Noem*, 26 Civ. 1833 (PAE), 2026 WL 787895, at *9 (S.D.N.Y. Mar. 20, 2026) (a merits hearing that determines whether a

---

[4] According to petitioner's undisputed allegations, he has plausibly shown he may meet the criteria to be eligible for cancellation of removal, unlike the petitioner in *Pereida*, 592 U.S. at 229, who was ineligible because of a disqualifying criminal offense. *See also Diaz-Orosco v. Bondi*, No. 24-1627, 2025 WL 1467424, at *1 (9th Cir. May 22, 2025) (petitioner was ineligible because he lacked a qualifying child relative, and he also failed to submit the application).

noncitizen has a valid claim for relief from removal does not provide a mechanism for individualized review of the need for detention, and therefore "courts commonly order bond hearings notwithstanding that the noncitizen has a pending application for relief from removal" (citations omitted)).  Accordingly, the undersigned finds that petitioner's EOIR-42B application does not provide any independent basis for granting his petition for writ of habeas corpus.

### C. Respondents' Request for Authorization to Re-detain Petitioner

Respondents ask that if the court grant injunctive relief, the injunction "include express language that the government may detain Petitioner to execute a final order of removal if one becomes available."  ECF No. 6 at 2-3.  The potential circumstances of any such final order of removal are too abstract and hypothetical for the court to issue any such anticipatory authorization.  *See Blumenkron v. Hallova*, 568 F. Supp. 3d 1093, 1105 (D. Ore. 2021) (orders of injunctive relief related to due process issues must address final and authoritative determinations).  Respondents' request must be denied.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent's request to hold the proceeding in abeyance is DENIED.

IT IS HEREBY RECOMMENDED that:

1)    Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2)    Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

3)    Within seven days of the date of this order, the parties shall file a joint status report informing the court of petitioner's custody status.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written

10

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11